**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

**U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLEY AS OWNER TRUSTEE FOR RCAF ACQUISTION TRUST;**

***Plaintiff*,**

**v.**

**UNITED STATES OF AMERICA, ACTING BY AND THROUGH THE UNITED STATES DEPARTMENT OF JUSTICE AND THE UNITED STATES ATTORNEY'S OFFICE FOR THE WESTERN DISTRIST OF TEXAS; RAFAEL L. ACOSTA JR., JOY ACOSTA, THE STATE OF TEXAS, ACTING BY AND THROUGH THE TEXAS COMPTROLLER OF PUBLIC ACCOUNTS;**

***Defendants*.**

**Case No. SA-26-CV-00877-JKP**

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff US Bank Trust National Association's (US Bank) Motion for Partial Default Judgment against Defendants Joy Acosta and the State of Texas. *ECF No. 25*. No Response was filed. Upon consideration, the Motion for Partial Default Judgment is **DENIED**.

### Procedural Background

US Bank filed its Original Petition, in Guadalupe County, Texas on December 11, 2025. *ECF No. 1*. US Bank asserts Rafael Acosta and Joy Acosta executed a Loan Agreement to obtain a residential property that was secured by a Deed of Trust on the subject property. The Acostas

are in default on the Loan Agreement. *Id*. US Bank filed this action for breach of contract and seeking judicial and nonjudicial foreclosure. US Bank alleges the US Department of Justice (US DOJ) holds an inferior lien on the Property for criminal restitution against Rafael Acosta, and the State of Texas holds an inferior tax lien on the Property.

The docket reveals summons was issued against all named Defendants except the US DOJ, which still has not been served yet removed the action to this Court. Although US Bank purports to have properly served all other named Defendants, no Defendant filed an Answer. Upon US Bank's request, on June 17, 2026, the Clerk of Court entered default in the names of Joy Acosta and the State of Texas, acting by and through the Texas Comptroller of Public Accounts. *ECF No. 24*. US Bank then filed this Motion for Partial Default Judgment against only Joy Acosta and the State of Texas. The record reveals US Bank did not send notice of intent to obtain default to the State of Texas.

**Legal Standard**

A movant must satisfy three procedural requisites to secure a default judgment. Fed. R. Civ. P. 55; *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). First, a party must properly serve the defendant, and default occurs when the defendant fails to plead or otherwise defend against the action. Fed. R. Civ. P. 55(a). Next, an entry of default must be entered when the default is established by affidavit or otherwise. *Id.*; *New York Life Ins. Co.*, 84 F.3d at 141. Finally, upon satisfaction of the first two requirements, a party must move for a default judgment. Fed. R. Civ. P. 55(b); *New York Life Ins. Co.*, 84 F.3d at 141.

Still, standing alone, a defendant's default does not entitle a plaintiff to a default judgment, as the decision whether to grant a default judgment is within the district court's discretion. *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001) (per curiam). "Default judgments are a

drastic remedy, not favored by the Federal Rules" and are available "only when the adversary process has been halted because of an essentially unresponsive party." *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989). Any doubt as to whether to enter a default judgment must be resolved in favor of the defaulting party. *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998); *John Perez Graphics & Design, LLC v. Green Tree Inv. Grp., Inc.*, No. 3:12-CV-4194, 2013 WL 1828671, at *3 (N.D. Tex. May 1, 2013).

At the third procedural requisite, the filing of a Motion for Default Judgment, courts apply a two-part process to determine whether a default judgment should be entered. *Fed. Election Comm'n v. Defend Louisiana PAC*, No. CV 21-00346, 2022 WL 2911665, at *6 (M.D. La. July 22, 2022). First, a court must consider whether the entry of default judgment is procedurally warranted, that is, whether default judgment is appropriate under the circumstances. *Lindsey*, 161 F.3d at 893. Second, courts assess the substantive merits of the plaintiff's claims to determine whether there is a sufficient basis in the pleadings for a default judgment. *Nishimatsu Constr. Co., Ltd. v. Hous. Nat'l Bank,* 515 F.2d 1200, 1206 (5th Cir. 1975); *J & J Sports Productions, Inc. v. Morelia Mexican Rest., Inc.*, 126 F. Supp. 3d 809, 814 (N.D. Tex. 2015).

When more than one or multiple defendants are sued as jointly liable, a court may not enter default judgment against a portion of the defendants, even upon default, until the liability of the other defendants is decided. *Levitation Arts, Inc. v. Fascinations Toys & Gifts, Inc.*, 2009 WL 10669490, at *3 (W.D. Tex. May 28, 2009) (quoting *McMillian/McMillian, Inc. v. Monticello Ins. Co.*, 116 F.3d 319, 321 (8th Cir. 1997)). If the court did otherwise, it might enter judgment for the plaintiff against the defaulting defendant, only to later enter judgment *against* the plaintiff on the same claim against the remaining defendants. To avoid this problem, "when there are

multiple defendants only one of whom is in default, the Court will withhold even granting default judgment until a decision on the merits has been reached as to the remaining defendants." *Wieck v. Synrg. Royce LLC*, No. 1:17-cv-00599, 2018 WL 620048, at *1 (W.D. Tex.), *report and recommendation accepted by* 2018 WL 4732083 (W.D. Tex. Aug. 17, 2018); *G&G Closed Circuit Events, LLC v. La Patrona Seafood & Cantina, LLC*, No. EP-24-CV-00156, 2025 WL 3453960, at *1 (W.D. Tex. Sept. 9, 2025); *see also* 10A Charles Alan Wright, *et al.*, Federal Practice and Procedure § 2690 (3d ed.1998) (collecting cases) ("As a general rule [ ], when one of several defendants who is alleged to be jointly and severally liable defaults, judgment should not be entered against that defendant until the matter has been adjudicated with regard to all defendants, or all defendants have defaulted.").

**Discussion**

In the Motion for Partial Default Judgment, US Bank seeks default judgment against only Joy Acosta and the State of Texas; US Bank does not seek default judgment against Rafael Acosta or the United States Department of Justice (which was not served and which could hold sovereign immunity). Although the record shows summons was issued against both Joy Acosta and the State of Texas, and neither Defendant filed an Answer, US Bank fails to provide proof with the Motion for Default Judgment that it properly served the State of Texas or that default judgment against this government entity which holds sovereign immunity would be proper pursuant to Federal Rule 55. Next, though US Bank may possibly be entitled to a default judgment against Joy Acosta or the State of Texas, it would be improper to enter judgment against these two Defendants separate from other defendants because US Bank pursues causes of action in which Joy Acosta would be held jointly and severally liable with a remaining Defendant. S*ee ECF No. 8 at 3*.

Because the record reveals the State of Texas could hold sovereign immunity and US Bank failed to send notice of intent to obtain default judgment, and the record reveals US Bank pursues causes of action against Joy Acosta in which it seeks joint and several liability with another Defendant, Rafael Acosta, entry of a default judgment against Defendants Joy Acosta and the State of Texas would be improper at this time. Because US Bank obtained a Clerk's Entry of Default as to these defaulting parties, it is thus protected with regard to having to proceed any further as to these Defendants. Accordingly, US Bank fails to show entry of default judgment is procedurally warranted, or appropriate under the circumstances, and fails to show there is a sufficient basis in the pleadings for a default judgment. *Lindsey*, 161 F.3d at 893; *Nishimatsu Constr. Co.,* 515 F.2d at 1206; *J & J Sports Productions*, 126 F.Supp.3d at 814.

US Bank's Motion for Default Judgment against Joy Acosta and the State of Texas is **DENIED**. *See ECF No. 25*.

It is so ORDERED.
SIGNED this 25th day of August, 2026.



JASON PULLIAM
UNITED STATES DISTRICT JUDGE